**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| David Antonio Little, Jr., | ) | Case No. 0:22-cv-3851-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Tyler Goldbach, *MD*, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 17) recommending Defendants Tyler Goldbach and James Dixon be dismissed from this action. For the reasons set forth below, the Court adopts the R&R as the order of the order of the Court and dismisses Goldbach and Dixon from this action.

## I.    Background

Plaintiff, a self-represented state prisoner, alleges that in February 2021, Defendants David Brown and Cody Dixon, both Chesterfield County Sheriff's Deputies, arrested him without a warrant, took him to a hospital, and forcefully medicated him against his will. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Eighth Amendments, claiming "involuntary treatment" and "forced medication," and seeking damages. (Dkt. No. 1 at 6). Plaintiff also names as defendants the Chesterfield County Sheriff, James Dixon, and the doctor who treated Plaintiff, Tyler Goldbach.

On December 22, 2022, the Magistrate Judge filed an R&R recommending that Goldbach and James Dixon be dismissed from this action.

Plaintiff did not file objections to the R&R.

## II.    Legal Standards

### a.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### b.  Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### c.  Failure to State a Claim

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints and must dismiss any complaint, or portions of complaints that are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted[,]" or seek relief from a defendant immune from such relief. The same standard applies to complaints filed by a plaintiff proceeding *in forma*

*pauperis.* 28 U.S.C.A. § 1915(e)(2). To state a claim, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

### III.     Discussion

Because Plaintiff did not file objections to the R&R, the R&R is reviewed for clear error.

After a thorough review of the R&R and the applicable law, the Court adopts the R&R in its entirety and hereby incorporates the R&R by reference.  Accordingly, the Court dismisses James Dixon and Goldbach from this action. (Dkt. No. 17 at 3-4) (noting that the complaint lacks allegations that Dixon was personally involved in the incident giving rise to Plaintiff's claim and that the complaint fails to allege facts which plausibly show Goldbach was acting under color of state law).

### IV.     Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 17) as the order of the Court and dismisses James Dixon and Tyler Goldbach from this action.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

January 10, 2023
Charleston, South Carolina

-3-