IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Antonio Little, Jr., | Case No. 0:22-cv-3851-RMG |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| Cody Dixon, Chesterfield County Sheriff, *et al.*, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 100) recommending that the Defendants' motion for summary judgment be granted. For the reasons set forth below, the Court adopts the R&R as the order of the Court and grants Defendants' motion for summary judgment.

I. **Background and Relevant Facts**

Plaintiff, a pretrial detainee proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Namely, Plaintiff alleges that he was housed at Chesterfield County Detention Center and that, on February 16, 2021, he was transported to McLeod Health Cheraw where he was restrained by Defendants and was forcibly medicated and subjected to medical tests. (Dkt. No. 100 at 2). Plaintiff alleges he stated multiple times that he did not consent to receiving medication. (*Id.*). The Court construed the claim as a due process claim in violation of the Fourteenth Amendment.

Defendants moved for summary judgment. (Dkt. No. 81). Plaintiff filed a response in opposition, (Dkt. No. 86), to which Defendants filed a reply, (Dkt. No. 90).

On August 16, 2023, the Magistrate Judge filed an R&R recommending Defendants' motion for summary judgment be granted. (Dkt. No. 100). Plaintiff filed objections to the R&R. (Dkt. No. 103).

Defendants' motion is fully briefed and ripe for disposition.

## II.   Legal Standards

### a. Fed. R. Civ. P. 56

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment must demonstrate that specific, material facts exist that give rise to a genuine issue. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence' " in

support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the Court reviews the R&R de novo.

### III.  Discussion

The Court finds, after a de novo review of the record, that the Magistrate Judge ably addressed the issues and correctly concluded that Defendants are entitled to summary judgment. Namely, as detailed in the R&R, Plaintiff has failed to forecast evidence from which a reasonable jury could conclude that Defendants' use of force to restrain Plaintiff was objectively unreasonable. (Dkt. No. 100 at 5-8) ("In this case, every *Kingsley* factor favors the defendants: the force used by the defendants was minimal; Plaintiff sustained no injury from the force used; Plaintiff—who had allegedly just committed a murder two days before—was uncooperative, combative, and displaying bizarre psychotic behavior; and the threat by Plaintiff to himself, the

defendants, and the hospital medical staff was significant even though Plaintiff was in handcuffs and leg shackles."); (*Id.*) (noting that Plaintiff also failed to forecast evidence that "defendants—who are non-medical detention center correctional officers—were involved in administering medications or otherwise providing medical care. In contrast, the defendants provide sworn testimony that they did not administer any medications to Plaintiff or force anyone else to medicate him, which is also reflected in the medical records."). Plaintiff filed objections to the R&R. (Dkt. No. 103). The Court overrules Plaintiff's objections. Plaintiff's objections are irrelevant, (*Id.* at 1) ("The Defendants have failed to produce a judicial order granting them the right to transport the Plaintiff to McCleod Health Cheraw."), or otherwise fail to address the specific reasoning articulated in the R&R for granting Defendants summary judgment, (*Id.*) ("Despite the Defendants' arguments and sworn testimonies that they did not administer any medications to the Plaintiff by force, this Court is in error by granting the Defendants summary judgment when it is clear that the Plaintiff was forced medications, whether antipsychotics or not."). *See* (Dkt. No. 100 at 6-7) (noting, inter alia, that Plaintiff "does not dispute" Defendants did not "administer any medications to Plaintiff" or "force anyone else to medicate him").

IV.   **Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 100) as the order of Court and **GRANTS** Defendants' motion for summary judgment (Dkt. No. 81).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

September 5, 2023
Charleston, South Carolina